1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | | |
|---|---|---|
| DARYL DWIGHT GRAY | ) | CV F- 07-893 AWI DLB PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | FOR FAILURE TO STATE A CLAIM, |
| v. | ) | WITH LEAVE TO AMEND WITHIN 30 |
| | ) | DAYS |
| N. GRANNIS, et. al., | ) | |
| | ) | (Doc.1 ) |
| Defendants. | ) | |

I.      Screening Order

        A.      Screening Requirement

        Plaintiff Daryl Dwight Gray ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 19, 2007.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4    exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

5    506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

6    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8    grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

9    if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10   the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

11   the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

12   the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey,

13   353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14   Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15   opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16   2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

18   complaint may not supply essential elements of the claim that were not initially pled." Bruns v.

19   Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents,

20   673 F.2d 266, 268 (9th Cir. 1982)).

21        B.    Summary of Plaintiff's Complaint

22        Plaintiff is an inmate formerly incarcerated at California Medical Facility at Vacaville.  The

23   defendants named in this action are N. Grannis, Warden Lydia Hense, Correctional Counselor III C.

24   Ross, and Attorney General Jerry Brown. Plaintiff is seeking money damages.

25        Plaintiff states that he is a drug offender as well as an American with Disabilities Act (ADA)

26   status prisoner.  Plaintiff states that he requested authorization to attend treatment at the Substance

27   Abuse Program for drug offenders at New Delano State Prison.  Plaintiff alleges that defendant Ross,

28

1  denied plaintiff the opportunity to participate because of his disabilities.  Plaintiff alleges that

2  defendant Hense was aware that plaintiff needed help, and that defendant Grannis deprived plaintiff

3  of his civil rights by denying his appeal.

4         C.     Plaintiff's section 1983 Claims

5        It is unclear what legal claims plaintiff is attempting to pursue in this action. The allegations

6  set forth in the complaint do not give rise to any claims for relief under section 1983, as the events

7  complained of by plaintiff do not rise to the level of a constitutional violation.  The court will

8  provide plaintiff with the opportunity to file an amended complaint.   To the extent that plaintiff is

9  seeking relief arising from the alleged violation of his rights under the Eighth Amendment and the

10  Americans with Disabilities Act ("ADA"), the court will provide plaintiff with the legal standards

11  that, based on plaintiff's allegations, appear to be applicable.

12         1..    Linkage Requirement

13      The Civil Rights Act under which this action was filed provides:

14           Every person who, under color of [state law] . . . subjects, or causes to
be subjected, any citizen of the United States . . . to the deprivation of

15           any rights, privileges, or immunities secured by the Constitution . . .
shall be liable to the party injured in an action at law, suit in equity, or

16           other proper proceeding for redress.

17  42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

18  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

19  (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

20  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

21  Section 1983 offers no redress."  Id.

22        Section 1983 plainly requires that there be an actual connection or link between the actions of

23  the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

24  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

25  person deprives another of a constitutional right, where that person 'does an affirmative act,

26  participates in another's affirmative acts, or omits to perform an act which [that person] is legally

27  required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500

28

1   F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he

2   'requisite causal connection can be established not only by some kind of direct, personal

3   participation in the deprivation, but also by setting in motion a series of acts by others which the

4   actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  <u>Id</u>.

5   (quoting <u>Johnson</u> at 743-44).

6        Plaintiff names Attorney General Jerry Brown as a defendant in this action, but plaintiff's

7   complaint contains no allegations whatsoever against him. Plaintiff  is cautioned that in his amended

8   complaint, he must clearly identify what actions or omissions led to the violation of his rights and

9   which defendants were responsible for the acts or omissions.

10              2.   <u>Supervisory Personnel</u>

11       Supervisory personnel are generally not liable under section 1983 for the actions of their

12  employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a

13  supervisorial position, the causal link between him and the claimed constitutional violation must be

14  specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>,

15  589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim for relief

16  under section 1983 for supervisory liability, plaintiff must allege some facts indicating that

17  supervisory defendants either: personally participated in the alleged deprivation of constitutional

18  rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a

19  policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

20  force of the constitutional violation.'"  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal

21  citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading

22  standards are broad, some facts must be alleged to support claims under section 1983.  <u>See</u>

23  <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

24       Plaintiff has not alleged any facts that would support a claim under section 1983 against

25  defendant Hense under a theory of supervisory liability.

26  ///

27  ///

28

1          3.       Claims Stemming from Inmate Appeals Decisions

2          Plaintiff has alleged no facts that indicate that he is pursuing any claims based on the inmate

3  appeals process.  However, because plaintiff names N. Grannis, the Chief of the Inmate Appeals

4  Branch, and Correctional Counselor Ross, who interviewed plaintiff regarding his grievance, as

5  defendants, the court deems it necessary to provide plaintiff with guidance on such claims.

6          Plaintiff is informed that prisoners have no constitutional right to an inmate grievance

7  system.  Olim v. Wakinekona, 461 U.S. 238, 249 (1983).  "[A prison] grievance procedure is a

8  procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow,

9  997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

10  see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a

11  protected liberty interest requiring the procedural protections envisioned by the Fourteenth

12  Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316

13  (E.D. Mo. 1986).  Specifically, failure to process a grievance does not state a constitutional violation,

14  and a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot

15  serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

16          4.       Plaintiff's Eighth Amendment Claim

17          Plaintiff alleges that defendants' refusal to place plaintiff in the Substance Abuse Program

18  constituted a deprivation of his rights under the Eighth Amendment.

19          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

20  conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman,

21  452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

22  must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.;

23  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246

24  (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement,

25  prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk

26  of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

27          The deliberate indifference standard involves an objective and a subjective prong.  First, the

28

1    alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511

2    U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official

3    must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S.

4    at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane

5    conditions of confinement only if he knows that inmates face a substantial risk of harm and

6    disregards that risk by failing to take reasonable measures to abate it.  <u>Id</u>. at 837-45.  Prison officials

7    may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting

8    evidence of a reasonable, albeit unsuccessful, response to the risk.  <u>Id</u>. at 844-45.  Mere negligence

9    on the part of the prison official is not sufficient to establish liability, but rather, the official's

10   conduct must have been wanton.  <u>Id</u>. at 835; <u>Frost</u>, 152 F.3d at 1128.

11        "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

12   Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8

13   (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive

14   to contemporary standards of decency." <u>Id</u>. at 8 (quotations and citations omitted).  "[E]xtreme

15   deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

16   <u>Id</u>. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of

17   the penalty that criminal offenders pay for their offenses against society, only those deprivations

18   denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of

19   an Eighth Amendment violation." <u>Id</u>. (quotations and citations omitted).

20                5.        Fourteenth Amendment Due Process Clause

21        The Due Process Clause protects prisoners from being deprived of life, liberty, or property

22   without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  Prison inmates do not

23   have a constitutional right, grounded in the Due Process Clause itself, to be incarcerated at a

24   particular correctional facility, to be transferred from one facility to another, or to participate in

25   rehabilitative programs.  <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>Moody v. Daggett</u>, 429

26   U.S. 78, 88 n.9 (1976); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530-31 (9th Cir. 1985).

27        To the extent that plaintiff is claiming that the State created a protectable liberty interest by

28

way of mandatory language in prison regulations, plaintiff's claim must fail.  The existence of a liberty interest is determined by focusing on the nature of the deprivation.  Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

Because plaintiff does not have a liberty interest in participating in rehabilitative programs, plaintiff's allegation that he was refused admittance to the Substance Abuse Program fails to give rise to a claim for relief under section 1983.

### 6.   Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.

"'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'"  Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).  "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'"  Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)).  Public entity, "'as it is defined within the statute, does not include individuals.'"  Id. (quoting Alsbrook v.

City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).  Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

    D.    Conclusion

    The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted against any of the defendants.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

    Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

    1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted;

    2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

    3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

    4.    If plaintiff fails to file an amended complaint in compliance with this order, the court

will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:** ___**March 24, 2008**___          _____/s/ **Dennis L. Beck**_____
                                                            UNITED STATES MAGISTRATE JUDGE